UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RIDGE PETERSON,

        Plaintiff,

v.                                                                        Case No.  2:18-cv-120
                                                                  HON.  PAUL L. MALONEY

TAHQUAMENON AREA
SNOWMOBILE ASSOCIATION, INC,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        The matter referred to the undersigned is Plaintiff Ridge Peterson's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b).  (ECF No. 10).  Plaintiff seeks entry of judgment against Defendant Tahquamenon Area Snowmobile Association, Inc., in the total amount of $1,509,908.75—consisting of $215,701.25 in economic loss and $1,294,207.50 in non-economic loss. The undersigned held an evidentiary hearing regarding damages on November 20, 2018.  For the reasons stated below, the undersigned recommends that the Court grant Plaintiff's motion and enter a judgment in the total amount of $1,509,908.75.

        This case arises from a snowmobile accident that occurred in McMillian Township on January 1, 2017. Plaintiff was driving his snowmobile when he hit a chunk of ice that was left on the snowmobile trail.  According to an online news article, this same chunk of ice caused multiple accidents on the same day.  Plaintiff states that Defendant is responsible for maintaining and grooming the snowmobile trail.  After he hit the chunk of ice, Plaintiff flew off his snowmobile and struck a tree. As a result of the accident, Plaintiff suffered serious injuries and was airlifted to Marquette General Hospital. He was subsequently diagnosed with a displaced midshaft right femur

fracture, basilar skull fractures, a subarachnoid hemorrhage, closed head/traumatic brain injuries, significant hearing loss, and temporary facial paralysis.

On July 19, 2018, Plaintiff initiated this action against Defendant. In his complaint, Plaintiff asserts the following claims against Defendant: (1) negligence, (2) gross negligence, (3) willful and wanton conduct, and (4) nuisance, and (5) aggravation of injuries. The summons and complaint were served on the Defendant through its registered agent, Betsy Costa, via personal service on August 18, 2018. (ECF No. 6). Defendant failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) against Defendant on September 17, 2018. (ECF No. 8).

Plaintiff now moves for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2), which provides:

> (b) Entering a Default Judgment.
>
> . . .
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> >
> > (B) determine the amount of damages;
> >
> > (C) establish the truth of any allegation by evidence; or
> >
> > (D) investigate any other matter.

In this case, Defendant is not a minor, an incompetent person, or a current member of the military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. Because Defendant has not answered or otherwise pled, the allegations against Defendant are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).  *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Thus, Defendant has admitted all facts to establish its liability, and Plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

The Court must next determine the appropriate amount of damages. "'Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.'" *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Id.* (quoting *Credit Lyonnais Sec. Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

In the opinion of the undersigned, the appropriate amount of damages in this case is $1,509,908.75. First, with respect to the economic loss damages, Plaintiff seeks $215,701.25. This amount consists of $189,636.41 for medical expenses and $26,064.84 for lost wages. To establish his medical expenses, Plaintiff submitted over one-hundred pages of invoices showing that his medical providers have billed $189,636.41 for his medical treatment associated with the accident. (ECF No. 10-3).  To establish his lost wages, Plaintiff submitted pay records showing that his 2017 income was $12,954.84 less than his 2016 income. (ECF No. 10-5).  Plaintiff also received $13,110.00 is disability payments, which is subject to subrogation pursuant to his disability plan terms. (ECF No. 12-1).  At the hearing, Plaintiff testified that these amounts are

accurate. Therefore, Plaintiff has sufficiently proven that $215,701.25 for economic loss is appropriate.

Next, with respect to the non-economic loss damages, Plaintiff seeks $1,294,207.50. This non-economic damages amount is six times greater than the requested economic damages. Plaintiff arrived at this ratio by considering the ratios used in other cases. *See Lensing v. Potter*, 2015 WL 10892072 (W.D. Mich. 2015) (non-economic damages 14x economic damages); *West v. Tyson Foods, Inc.*, 374 F. App'x. 624 (6th Cir. 2010), (non-economic damages 5.753x economic damages); *Layne v. Wal-Mart Stores, Inc.*, 24 F. App'x. 364 (6th Cir. 2001) (non-economic damages 6.96x economic damages); *Marshall v. Ryan*, 2017 WL 6623589 (Mich. App. 2017) (non-economic damages 16x economic damages). Although the requested amount appears high, the undersigned finds that it is appropriate in this case. As a result of the accident, Plaintiff suffered a displaced midshaft right femur fracture, basilar skull fractures, a subarachnoid hemorrhage, closed head/traumatic brain injuries, loss of hearing, and temporary facial paralysis. He had two surgeries—one surgery on his head to treat his brain bleed and one surgery on his leg to insert a metal rod from his hip to his knee. The metal rod in his leg is permanent. He spent three days in a coma. When he awoke from the coma, he was in excruciating pain and had constant migraines. He could not walk for several months after the accident. Although he had his own apartment at the time of the accident, he had to move back in with his mother so she could take care of him for several months. When he finally could return to work, he was unable to perform some of his job duties associated with being a "metal finisher."

This accident was undoubtably a life changing event for Plaintiff. He was only 25 years old at the time of the accident. According to the social security life expectancy calculator, Plaintiff is expected to live another fifty years. Thus, for the next fifty years, Plaintiff will have to

deal with constant pain in his leg, walking with a limp, monthly migraines, hearing loss in his left ear, and the inability to participate in several activities that he previously enjoyed.  Therefore, in the opinion of the undersigned, the non-economic loss damages amount of $1,294,207.50 is appropriate in this case.

Accordingly, the undersigned recommends that the Court grant Plaintiff's motion (ECF No. 10) and enter a judgment in the total amount of $1,509,908.75.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 4, 2018

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE